UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.        08 CR 417 |
| ) | |
| v. ) | |
| ) | Chief Judge James F. Holderman |
| ) | |
| STEFANIE GIESSELBACH and ) | |
| MAGNUS VON BUDDENBROCK ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B), for a 89-day extension of time, to and including September 19, 2008, in which to seek the return of an indictment or file an information against defendants Stefanie Giesselbach and Magnus Von Buddenbrock for the following reasons:

1.      Giesselbach and Von Buddenbrock were arrested on May 23, 2008 pursuant to a criminal complaint which alleged that Giesselbach and Von Buddenbrock conspired and agreed with each other and with others known and unknown to commit the following offenses against the United States in violation of Title 18, United States Code, Section 371: (1) to knowingly and willfully, with intent to defraud the United States, make out and pass, and attempt to pass, through the customhouse false and fraudulent invoices and other documents relating to the importation of honey into the United States, in violation of Title 18, United States Code, Section 545; and (2) to introduce and deliver for introduction into interstate commerce, with intent to defraud and mislead, a food that is adulterated, namely, honey containing the antibiotic chloramphenicol, in violation of

Title 21, United States Code, Sections 331(a) and 333(a)(2). Giesselbach and Von Buddenbrock have been released on bond.

2. The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of the defendant's arrest. 18 U.S.C. § 3161(b). Accordingly, the deadline for filing an indictment or information in the case is June 22, 2008.

3. The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation.

4. Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against Giesselbach and Von Buddenbrock based on their arrest will not be sufficient. The United States estimates that a 89-day extension from the current expiration date of June 22, 2008, to and including September 19, 2008, will be sufficient time within which to return an indictment or information in this matter.

5. The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

    a. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

    b. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161 (h)(8)(B)(iii); and

    c. Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv).

  6. The government respectfully submits that the 89-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist. The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

  7. Counsel for the government has spoken with James I. Marcus, counsel for Giesselbach, and David E. Bennett, counsel for Von Buddenbrock, both of whom do not object to a 89-day extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests a 89-day extension of time from June 22, 2008 to and including September 19, 2008 in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   /s Andrew S. Boutros
       Andrew S. Boutros
       Assistant United States Attorney
       United States Attorney's Office
       219 South Dearborn Street
       Chicago, Illinois  60604
       (312) 886-7641

Dated: June 18, 2008

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT OR FILE INFORMATION PURSUANT TO 18 U.S.C. § 3161(h)**

was served on June 18, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

       /s Andrew S. Boutros
Andrew S. Boutros
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois  60604
(312) 886-7641

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.      08 CR 417 |
| | ) | |
| v. | ) | |
| | ) | Chief Judge James F. Holderman |
| | ) | |
| STEFANIE GIESSELBACH and | ) | |
| MAGNUS VON BUDDENBROCK | ) | |

**O R D E R**

Upon the Government's Motion, under Title 18, United States Code, Section 3161(h)(8)(A) & (B), for an extension of time in which to return an indictment in the above-captioned case,

IT IS HEREBY ORDERED that the time within which to file an indictment against the defendants be extended from June 22, 2008 to and including September 19, 2008. Specifically, this Court finds that the ends of justice served by the extension outweigh the best interests of the public and the defendants in a speedy trial because the failure to grant such an extension would deny the government the reasonable time necessary for effective preparation of the evidence for presentation to the Grand Jury, taking into account the exercise of due diligence.

ENTERED:

_____
JAMES F. HOLDERMAN
Chief Judge

DATED: _____